UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAWN KATONGOLE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 24-12455-LTS |
| LOWELL POLICE DEPARTMENT et al., | ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFF'S MOTION TO REOPEN DISCOVERY (DOC. NO. 103)

July 8, 2026

SOROKIN, J.

Pending before the Court is Plaintiff Shawn Katongole's emergency motion to reopen

discovery. Doc. No. 103. Before addressing the motion, the Court provides a short summary of

the relevant procedural background. Katongole initially brought and litigated this case pro se.

On October 8, 2025, counsel appeared on behalf of Katongole. Doc. No. 83. Subsequently,

Katongole was represented by counsel through the end of the discovery period and the parties'

briefing on Defendants' motion for summary judgment. On May 4, 2026, the Court allowed in

part and denied in part the motion for summary judgment, leaving one state-law claim of assault

and battery for trial. Doc. No. 96. On May 26, 2026, the Court held a status conference to

discuss and schedule the trial. Doc. No. 98. During the conference, Katongole represented that

he wished to terminate his counsel and proceed pro se. The Court accordingly terminated

counsel's appearance and scheduled trial to begin on July 27, 2026.  All parties agreed to this trial date.

On June 25, 2026, just one month before the start of trial, Katongole filed the pending motion to reopen discovery.  Doc. No. 103.  His motion relies upon and references three exhibits, none of which were attached to his motion, filed on the docket, or mailed to the Court.  Id.  On June 29, 2026, the Court issued an electronic order staying Defendants' response to the motion and ordering Katongole to "submit the exhibits forthwith for review by the Court."  Doc. No. 104.  At the same time, the Court observed that the motion was filed substantially after the deadline established by the governing scheduling order and noted that it fails to establish good cause for the late request.  Id.

It has now been over a week since the Court issued the electronic order, and Katongole has not submitted any exhibits for the Court's review.  Although proceeding pro se, Katongole has ECF filing privileges and receives electronic notices from the Court.  Doc. No. 31.[1] Accordingly, Katongole's motion is DENIED because (1) Katongole failed to comply with the Court's order to submit his exhibits; (2) his motion is significantly late under the scheduling order, see Doc. No. 55 at 2; and (3) he has not articulated any good cause for reopening discovery at this advanced stage of the case.  For obvious reasons, reopening discovery on the

---

[1] Indeed, since the Court issued the electronic order, Katongole has electronically filed his proposed voir dire for the upcoming trial but has not filed the exhibits.  Doc. No. 105.

eve of trial would prejudice Defendants and contravene principles of judicial economy.  For these reasons, the motion to reopen discovery, Doc. No. 103, is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

3